# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| VALERIE KLOOSTERMAN, | ) |
| | ) |
| *Plaintiff-Appellant*, | ) |
| | ) |
| v. | )   No. 24-1398 |
| | ) |
| METROPOLITAN HOSPITAL ET AL., | ) |
| | ) |
| *Defendants-Appellees*. | ) |
| | ) |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANTS' MOTION TO HOLD CASE IN ABEYANCE

Plaintiff Valerie Kloosterman appeals a district court order closing this case and forcing her claims against her former employer and five of its employees into arbitration. One of the employees died before the district court ruled. But defense counsel—a team of lawyers from the same firm representing all defendants collectively—waited over three months to notify plaintiff's counsel about the death, until after Ms. Kloosterman filed her notice of appeal. Defense counsel now disclaims any ability to represent the decedent (who has not appeared on appeal), but they seek to delay the case indefinitely on behalf of the other defendants (who have). That makes little sense.

The motion does not articulate any reason the parties appearing in this appeal require a stay—because there is none. Nor, for that matter, does the motion explain why a stay is necessary to protect the non-appearing decedent's rights. The motion

merely contends that the Court should keep the appeal in a holding pattern to see "[i]f a successor is named in the district court" so that "the rights of that party [can] be determined in this appeal with the rest of the parties." Dkt.31-1 p.3.

But there is no need to wait until a successor is named, retains litigation counsel, and appears in this appeal. Instead, the Court can resolve the rights of the parties appearing in the appeal and, if the Court remands for further proceedings, the district court can determine any successor's rights in the first instance. *First*, that course of action will not prejudice any eventual successor. If the Court remands for further proceedings, the successor will still be able to argue in district court whether any appellate relief should extend to him or her. *Second*, the successor's absence will not impede the Court's ability to reach the correct result in this appeal. As has been true for the entire case, the employee-defendants' interests march in lockstep; speaking practically, whatever arguments that defense counsel raises on behalf of the appearing parties would be the same arguments that they would have raised for the decedent. *Third*—and most importantly—the successor's absence will not impact the appearing parties' rights at all.

If anything, waiting until the decedent's personal representative is named, retains counsel, and appears will serve only to prejudice Ms. Kloosterman and to reward defense counsel's foot-dragging with even more delay. Simply put, defense counsel's failure to uphold their "affirmative duty of candor and frankness" caused

a break-down in the Federal Rules' orderly substitution process and forced Ms. Kloosterman into a Catch-22. *Virzi v. Grand Trunk Warehouse & Cold Storage Co.*, 571 F. Supp. 507, 512 (E.D. Mich. 1983). Jurisdiction formally transferred to this Court with the notice of appeal, but the appellate rules provide no mechanism to substitute the personal representative of a defendant who died months before the district court judgment—because the appellate rules expect the substitution to occur in district court. After carefully studying the relevant rules, Ms. Kloosterman filed a motion in district court to protect her rights, because Civil Rule 25(a)(1) requires her to file a motion to substitute "within 90 days after service of a statement noting the death."[1] But for the reasons explained above, that motion need not have any effect unless and until the Court remands for further proceedings.

\* \* \*

In sum, the Court should deny defendants' motion and allow the appeal to continue apace. To the extent the Court remands for further proceedings, the District

---

[1] Although Ms. Kloosterman has great sympathy for the decedent's family, she wishes to preserve her rights if this Court remands for discovery. Among other things, Ms. Kloosterman seeks to ensure that any personal communications or files that the decedent may have maintained relating to Ms. Kloosterman's claims remain subject to proper preservation protocols and accessible without additional delays, costs, or the potential hurdles of subpoena practice.

Court can determine the decedent's successor and effectuate any appropriate substitution in the first instance.²

Respectfully submitted,

s/Kevin Wynosky
KEVIN WYNOSKY
  *Counsel of Record*
CLEMENT & MURPHY, PLLC
706 Duke Steet
Alexandria, VA 22314
(202) 742-8900
kevin.wynosky@clementmurphy.com

*Counsel for Plaintiff-Appellant*

June 19, 2024

---

² Alternatively, if the Court has any qualms about protecting the decedent's rights, the Court can expressly make any denial without prejudice. The next deadline in the case is for Ms. Kloosterman's opening brief, on July 31, 2024. *See* Dkt.27. If, upon reviewing that filing, defense counsel can identify a plausible reason the decedent is required to resolve the appeal, they should explain so in a renewed motion. *See Nebraska ex rel. Counsel for Discipline v. James*, 673 N.W.2d 214, 223 (Neb. 2004) (defense counsel retains an "affirmative duty to protect the claim that" the decedent "had entrusted to" them); *see also* Restatement (Third) of the Law Governing Lawyers §31 cmt.e (if no personal representative appears on appeal, defense counsel can and should "exercise initiative" to "protect" the decedent's "rights"); *see also id.* §33 cmt.b ("If [a former] client is threatened with an imminent deadline that will expire before new counsel can act, the [former] lawyer m[ay] take reasonable steps" to "comply with it").

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION

1. This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, according to the word count function of Microsoft Word for Microsoft 365, it contains 822 words, excluding the parts of the response exempted from the word count by Fed. R. App. P. 32(f) and 6th Cir. R. 32(b).

2. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because the motion has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Times New Roman font.

s/Kevin Wynosky  
Kevin Wynosky

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 19, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system.  I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                      <u>s/Kevin Wynosky</u>
                                                      Kevin Wynosky